UNITED STATES BANKRUPTCY
COURT
DISTRICT OF NEW JERSEY

Caption in compliance with D.N.J. LBR 9004-2(c)

Mester & Schwartz, P.C.
Jason Brett Schwartz, Esquire
Bar No. 4217
1917 Brown Street
Philadelphia, PA 19130
(267) 909-9036

In Re:

JIN H. LEE,

      Debtor

Order Filed on September 23, 2020
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Case No.: 19-25478-MBK

Judge: Michael B. Kaplan

## CONSENT ORDER MODIFYING STAY AS TO MOTOR VEHICLE 2016 CHRYSLER TOWN & COUNTRY WAGON TOURING

The relief set forth on the following pages, number two (2) through four (4) is hereby

ORDERED.

**DATED: September 23, 2020**

*/s/ Michael B. Kaplan*
Honorable Michael B. Kaplan
United States Bankruptcy Judge

2
Debtor:              Jin H. Lee
Case No.:            19-25478-MBK
Caption of Order:    Consent Order Modifying Stay as To Personal Property

1. The 11 U.S.C. § 362(a) Stay as to Capital One Auto Finance, a division of Capital One, N.A., its successors and/or assigns ("Movant"), with respect to the personal property of the Debtor described as a 2016 CHRYSLER Town & Country Wagon Touring, V.I.N. 2C4RC1BG7GR289683, in accordance with the agreement of the Debtor and Movant, is hereby modified and shall remain in effect PROVIDED THAT Debtor complies with the following terms and conditions:

(a) To cure the remaining post-petition arrearage currently ripe, due and owing to Movant, Debtor agrees to:

   (i) pay through the Chapter 13 Plan the post-petition arrears due through August 27, 2020 in the amount of $2,472.24; and

(b) Debtor will resume making all future regular monthly installment payments of $353.52 (subject to changes for taxes, insurance costs and late fees, if any) beginning on September 3, 2020; Debtor will timely make each payment in accordance with the terms and conditions of the loan document between Debtor and Movant.

2. Debtor will remain current on all payments ripe, due and owing under the terms of the Chapter 13 Plan. Debtor will pay Movant as an administrative expense through the Chapter 13 Plan the sum of $306.00 for attorney's fees and costs.

3
Debtor:              Jin H. Lee
Case No.:            19-25478-MBK
Caption of Order:    Consent Order Modifying Stay as To Personal Property

3. The term "payment" as set forth in Paragraph 1, *supra*, does not include a check that is returned due to insufficient funds, account closed or is otherwise not capable of negotiation for any other reason.

4. Debtor will be in default under the Consent Order in the event that Debtor fails to comply with the payment terms and conditions set forth in Paragraph 1, *supra*. If Debtor fails to cure the default within thirty (30) days from the date of default, Movant may apply on five days' notice to Debtor and counsel for Debtor and the Chapter 13 Trustee for an order lifting the automatic stay imposed under 11 U.S.C. § 362(a) and permitting Movant to exercise any rights under the loan documents with respect to the motor vehicle including, but not limited to, initiating and completing a sale of the motor vehicle without regard to any future conversion of this matter to a different form of bankruptcy.

5. In the event Debtor converts to a bankruptcy under any Chapter other than Chapter 13 of the Bankruptcy Code, then Debtor shall pay all pre-petition arrears and post-petition arrears due and owing within fifteen (15) days from the date the case is converted from Chapter 13 to any other Chapter. If Debtor fails to make payments in accordance with this paragraph, then Movant, through counsel, may file a Certification of Default setting forth said failure and Movant shall be granted immediate relief from the automatic stay provisions of Section 362 of the Bankruptcy Code (11 U.S.C. § 362) and the Movant is then permitted to exercise any rights under the loan documents with respect to the motor vehicle including, but not limited to, initiating and completing a sale of the motor vehicle.

4
Debtor:              Jin H. Lee
Case No.:            19-25478-MBK
Caption of Order:    Consent Order Modifying Stay as To Personal Property

6. The failure of Movant to issue a notice of default will not be construed or act as a waiver of any of the rights of Movant under the Consent Order.

7. Debtor waives the fourteen (14) day stay provided under Rule 4001(a)(3), F.R.B.P.

**We hereby consent to the form and entry of the foregoing Order.**

_____
Robert C. Nisenson, Esquire
Robert C. Nisenson, LLC
10 Auer Court, Suite E
East Brunswick, NJ 08816
Attorney for Debtor

_____
Jason Brett Schwartz, Esquire
Mester & Schwartz, P.C.
1917 Brown Street
Philadelphia, PA 19130
Attorney for
Capital One Auto Finance, a division
of Capital One, N.A.